UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CARLOS JACOB, | : | Civil Action No. 16-3953 (MAS) |
| Plaintiff, | : | |
| v. | : | |
| LONG BRANCH POLICE DEPARTMENT AND POLICE OFFICER JUAN E. VAZQUEZ, | : | MEMORANDUM OPINION |
| Defendants. | : | |

**BONGIOVANNI, Magistrate Judge**

Currently before the Court is Plaintiff Carlos Jacob's ("Plaintiff") motion for Leave to File a Late Notice of Tort Claim (Docket Entry No. 12). Defendants Long Branch Police Department and Police Officer Juan E. Vazquez ("Defendant Vazquez") (collectively "Defendants") oppose Plaintiff's motion (Docket Entry No. 15).

The Court has fully reviewed the papers in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Plaintiff's motion is DENIED.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of an altercation between Plaintiff and Defendant Vazquez that occurred on December 19, 2015 at the Long Branch Police Department. (Pl.'s Br. in Supp. of Mot. at 1). Plaintiff states that he went to the Long Branch Police Department to speak with Defendant Vazquez regarding two motor vehicle summonses that were issued to his son. (Id.) Plaintiff alleges

1

that Defendant Vazquez pushed Plaintiff into a concrete wall. (Id.) Plaintiff states that Defendant Vazquez "then began to handcuff Plaintiff, pinning him with his full body weight against the chairs." (Id.) Plaintiff further alleges that after he was handcuffed and led into the reception area, Defendant Vazquez slammed Plaintiff's chest against a counter. (Id.) Plaintiff was then arrested for harassment and resisting arrest.

On May 26, 2016, Plaintiff filed a complaint against Defendants in the Superior Court of New Jersey alleging Negligent Supervision Hire, Battery, Excessive Use of Force in Violation of the New Jersey Civil Rights Act, Excessive Use of Force under 42 U.S.C. 1983 and Supervisory Liability. (Docket Entry No. 4). Defendants filed a Notice of Removal on July 1, 2016. (Docket Entry No. 1). Plaintiff filed the instant motion on August 24, 2016. (Docket Entry No. 12).

Plaintiff argues that his motion to file a late notice of tort claim should be granted because he has substantially complied with the notice requirements of the New Jersey Tort Claims Act with respect to providing notice to the Defendants and because he has established extraordinary circumstances which permit the filing of the late notice of tort claim. (Pl.'s Br. in Supp. of Mot. at 6).

Plaintiff notes that "New Jersey courts have long established that substantial compliance with N.J.S.A. 59:8-4 is sufficient to satisfy the Tort Claims Act's notice requirements. (Id. at 4, citing *Lameiro v. West New York Bd. of Educ.*, 136 N.J. Super. 585, 587 (Law Div. 1975); *Dambro v. Union Cty. Park Comm'n*, 130 N.J. Super. 450 (Law Div. 1974)). In *Lameiro*, the New Jersey Superior Court defined substantial compliance as "all of the required information has been given to those to whom notice should be given and that it has been given in a form which should alert the recipient to the fact that a claim is being asserted." (Id. at 5, citing *Lameiro* at 587). Plaintiff states that he substantially complied by executing the proper notice forms, which contained all of

the required information including "(1) Plaintiff's contact information; (2) a description of the assault with the date, time, location, and names of witnesses; (3) a general description of Plaintiff's injuries and attached medical documentation in reference to same; (4) the name of the public entity and employees responsible for said injuries; and (5) an approximate dollar amount concerning the damages Plaintiff has incurred." (Pl.'s Br. in Supp. of Mot. at 6).

Plaintiff argues that Defendant's failure to provide all of the discovery related to Plaintiff's claims in a timely fashion constitutes extraordinary circumstances that should permit the filing of a late notice of tort claim. (Id.)  Plaintiff notes that the Superior Court of New Jersey found that extraordinary circumstances exist where, despite numerous and diligent requests, the public entity at issue fails to provide the plaintiff's counsel with the relevant and pertinent discovery necessary to evaluate and perfect a plaintiff's claim.  (Id. at 7, citing *Mendez v. South Jersey Transp. Authority*, 416 N.J. Super 525, 535 (App. Div. 2010)).  Plaintiff notes that he hired a criminal defense attorney just one month after the alleged assault who was "diligent in requesting the discovery and videotapes necessary to not only prepare a defense for Plaintiff, but also perfect his notice of tort claim.  (Pl.'s Br. in Supp. of Mot. at 9).  Plaintiff sent his first written request for discovery on January 19, 2016.  (Id.)  After not being provided with the requested discovery, Plaintiff sent a second request on May 6, 2016.  (Id.) Plaintiff states that he received the police report and narratives but not the videotapes on May 9, 2016. (Id.)  On May 18, 2016, Plaintiff filed an OPRA request with the Long Branch Police Department again requesting "all the discovery as it related to this matter, including the videotapes." (Id.)  Plaintiff states that he did not receive the videotapes and only received partial discovery concerning the police officer's narrative report. (Id.)  Plaintiff states in his motion brief which was filed on August 24, 2016 that Defendants "only recently provided the aforementioned videotapes." (Id.)

Plaintiff further argues that Defendants will not suffer any prejudice as the alleged assault occurred at police headquarters and Defendants were not only aware of the incident, but have been in possession of the videotapes and are fully aware of their contents. (Id.)

Defendants argue that Plaintiff's motion should be denied because Plaintiff failed to file a certification in support of his motion. Defendant cites *S.P. v. Collier High School* in which the Appellate Division of the New Jersey Superior Court affirmed a denial of permission to file a late notice of claim where the Plaintiff failed to produce an affidavit based upon personal knowledge and instead relied upon counsel's affidavit. (Defs.' Br. in Opp. at 10, citing *S.P. v. Collier High School*, 319 N.J. Super. 452, 455, 466 (App. Div. 1999)).

Defendants argue that meeting the notice requirements does not overcome the need for a Plaintiff to meet the extraordinary circumstances requirement when a Plaintiff is seeking to file a notice of tort claim after the 90-day deadline. (Defs.' Br. in Opp. at 8). Defendants assert that Plaintiff's argument that he could not file the notice of tort claim because he had not received the videotapes is irrelevant because Plaintiff did not retain a civil attorney until after the 90-day time period had already expired. (Id. at 15). Defendant further argues that Plaintiff did not need the videotape to perfect his claim. (Id. at 17) Defendant argues that the facts in *Mendez* differ from this case. That case involved a car accident with no witnesses that the Plaintiff was unable to remember. The videotape in that case revealed that an ambulance suddenly moved into the Plaintiff's lane causing Plaintiff to take evasive action that resulted in the accident. (Id.) Defendant notes that "unlike the camera footage in *Mendez*, which was only available from the defendant [] and depicted something nowhere else revealed despite diligent efforts, the police report and Plaintiff's own version of events provide enough information for the Plaintiff to have filed the Tort Claims Notice." (Id.) In Mendez, "the information contained in the videotape…provided a factual

4

basis for the plaintiffs' claims against the ambulance that did not exist without the videotape." (Id. at 18, citing *Ramey v. Demaio*, 2015 WL 5038413 at *2 (App. Div. Aug. 25, 2015)).

Finally, Defendants argue that Plaintiff failed to demonstrate that Defendants would not be prejudiced as a result of the late filing. (Defs.' Opp. Br. at 18). Defendant states that "prejudice exists as Plaintiff would be able to proceed with claims against a public entity and its employee. (Id. at 19).

## II. ANALYSIS

### A. Standard of Review

The New Jersey Tort Claims Act states public entities are "not liable for injury, whether such injury arises out of act or omission of the public entity or a public employee." N.J.S.A. 59:2-1 (West). A claimant shall be forever barred from recovering against a public entity or public employee if "the claimant failed to file the claim with the public entity within 90 days of accrual of the claim. N.J.S.A. 59:8-8 (West). However, a Plaintiff may still file a late notice of claim pursuant to N.J.S.A. 59:8-9 which states:

> A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing *sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter*; provided that in no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim.

N.J.S.A. 59:8-9 (West) (emphasis added)

Cases which have excused strict statutory compliance generally involve claimants who have been diligent in their efforts complying with the statutory period. (Id.) Extraordinary

5

circumstances can excuse statutory compliance when, despite diligent efforts by the claimant, information identifying the parties of a claim is either unattainable or thwarted by the original defendants. (Id., citing *Feinberg v. State Dept. of Envtl. Prot.*, 137 N.J. 126 (1994)).

### B. Discussion

The Court finds that Plaintiff has not met the requirements for filing a late notice of tort claim. Under N.J.S.A. 59:8-9, Plaintiff's application to file a late notice of tort claim must be supported by affidavits based upon personal knowledge of the affiant. Plaintiff did not file a certification with his motion. Plaintiff's motion relies solely on the certification of his attorney.

The Court further finds that Plaintiff has not demonstrated extraordinary circumstances that would permit the filing of a late notice of tort claim. The Court finds that the facts in the case differ from *Mendez*. In *Mendez*, Plaintiff could not have known that he had a claim against the driver of the ambulance without the videotape. In this case, Plaintiff did not need the videotapes to know whether he had a tort claim. He was directly involved in the incident and unlike the plaintiff in Mendez, he did not lose his memory of the incident.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to File a Late Notice of Tort Claim is DENIED. An appropriate Order follows.

Dated: December 6, 2016

       s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**